IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | | |
|---|---|---|
| ROBERT HOWIE and AMY HOWIE, | § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 3:20-cv-00104-MPM-JMV |
| BARD PERIPHERAL VASCULAR, INC. AND C. R. BARD, INC. | § § § § | |
| *Defendants*. | § § | |

**MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES' JOINT MOTION TO TEMPORARILY STAY DISCOVERY AND ALL PRETRIAL DEADLINES**

Plaintiffs Robert Howie and Amy Howie ("Plaintiffs") and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Defendants") (collectively "Parties"), pursuant to Fed. R. Civ. P. 26(c) and (d) and the Court's inherent powers, respectfully request that this Court enter an Order temporarily staying discovery and all pretrial deadlines imposed by the Court, the Local Rules, and the Federal Rules of Civil Procedure until July 12, 2021, while the Parties finalize a settlement and amicable resolution in this matter. In support of this Joint Motion, the Parties state as follows:

1. This case originally was filed directly by Plaintiffs as a member action in the Multi-District Litigation proceeding *In re Bard IVC Filters Products Liability Litigation*, MDL 2641 (D. Ariz.), pending before Senior Judge David Campbell in the United States District Court for the District of Arizona.

2. After four years, the completion of general issue discovery, and conducting three bellwether trials, Judge Campbell ordered cases that have not settled or that are not close to settling to be transferred to the appropriate jurisdictions around the country for case-specific discovery and

1

trial. (Second Amended Suggestion of Remand and Transfer Order (Third) at pp. 2-3, 31-32) [Dkt. No. 5].

3. The Parties agree that a temporary stay of discovery and all pretrial deadlines imposed by the Court, the Local Rules, and the Federal Rules of Civil Procedure is warranted because the Parties are in the late stage of finalizing a settlement agreement.

4. The Parties agree that a temporary stay is warranted because the Parties have a genuine belief at this time that this action will be resolved shortly, obviating the expense of further litigation and the expenditure of additional judicial resources.

5. This Court has broad discretion to stay proceedings as incidental to its power to control its own docket – particularly where, as here, a stay would promote judicial economy and efficiency. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (recognizing that the "[p]ower to stay proceedings is incidental to the power inherent in every court to control disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979); *McCollum v. Puckett Mach. Co.*, No. 1:13-CV-439-LG-JCG, 2015 WL 11112425, at *1 (S.D. Miss. Jan. 30, 2015); *Hinkle Metals & Supply Co. v. Compton's Appliance, Inc.*, No. 1:12-CV-17-HSO-RHW, 2012 WL 12965936, at *1 (S.D. Miss. June 21, 2012 ("The trial court is afforded broad discretion to preserve the integrity and purpose of the pretrial order"); *Herrington v. Promise Specialty Hosp.*, 665 F. Supp. 2d 708, 711 (S.D. Miss. 2009) ("District courts have broad discretion in pretrial matters").

6. Federal Rules of Civil Procedure 26(c) and 26(d) also vest the Court with authority to limit the scope of discovery or control its sequence. *Britton,* 523 U.S. at 598. Although settlement discussions do not automatically excuse a party from its discovery obligations, the parties can seek a stay of discovery prior to a deadline. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th

2

Cir. 1987) (discussing court's broad discretion and inherent power to stay discovery); *Am. Gen. Life Ins. Co. v. Hannah,* No. 1:12-CV-00087-GHD, 2012 WL 6132507, at *2 (N.D. Miss. Dec. 10, 2012) (same).

7. Facilitating the Parties' efforts to resolve their dispute entirely through continued settlement negotiations is reasonable and constitutes good cause for granting the requested stay of discovery and other pretrial deadlines. *See Robbins v. Flowers Floods*, *Inc.*, No. 3:17-cv-138-MPM-JMV, 2018 U.S. Dist LEXIS 172757, at *1-2 (N.D. Miss. Oct. 1, 2018) (finding good cause to stay proceeding for a period of 60 days appropriate pending settlement approval).

8. Thus, the Parties jointly move this Court for an Order staying discovery and all pretrial deadlines imposed by Court order, Local Rules, or the Federal Rules of Civil Procedure until July 12, 2021, to allow the parties to finalize the settlement agreement and resolve this dispute in its entirety. This will prevent unnecessary expenditures of the parties and of judicial resources.

9. The Parties agree that the relief sought herein is necessary to handle the case in the most economical fashion and to ensure that the Court's time and resources are not expended on a matter that may not remain on its docket, yet will allow sufficient time to schedule and complete discovery if necessary, consistent with the scheduling obligations of counsel. The relief sought in this Joint Motion is not purely for delay, but so that justice may be done.

**WHEREFORE**, the Parties jointly request that discovery and all pretrial deadlines be stayed until July 12, 2021.

4

RESPECTFULLY SUBMITTED ON: April 14, 2021.

**THE RUTH LAW TEAM**

*/s/ Eric Roslansky*
Eric Roslansky
eroslansky@getjustice.com
P.O. Box 16847
St. Petersburg, FL 33733
Tel: 727-327-3222
Fax: 727-323-7720

**CAMPBELL LAW FIRM, P.A.**

Jason E. Campbell
585 Tennessee Gas Road, Suite 1
Greenville, MS 38701
Tel: (662) 537-4921

*Attorneys for Plaintiffs*

**GREENBERG TRAURIG, LLP**

*/s/ Elizabeth Ross Hadley*
Elizabeth Ross Hadley
MS State Bar No. 99662
hadleye@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
Phone: (512) 320-7200
Fax: (512) 320-7210

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

J. Carter Thompson, JR.
MS State Bar No. 8195
cthompson@bakerdonelson.com
100 Vision Drive, Suite 400
One Eastover Center , Post Office Box 14167
Jackson, Mississippi 39236
Phone: (601) 351-2400

*Attorneys for Defendants*